COUNTY OF KINGS.—HON. WALTER L. LIVINGSTON, SURROGATE.—
FEBRUARY, 1877.

## MATTER OF LOPER.

*In the matter of the Estate of* ISAAC C. LOPER, *deceased.*

The statute empowering the Surrogate to authorize executors and administrators to compromise or compound debts,—does not sanction their entering into a composition deed, giving debtors to the estate a long credit without part payment.

THIS was an application by the administratrix of the estate of Isaac C. Loper, deceased, for an order authorizing her to sign a composition deed whereby certain debtors, who were parties to the deed and who had made an assignment for the benefit of their creditors, would be enabled to continue their business for the term of three years in hopes of being able to pay their debts in full, or at least in a greater proportion than if the business were wound up by the assignee, in which latter event the creditors would probably not realize more than one-third or one-half of their claims.

By the terms of the proposed composition deed the administratrix assigned her claim to trustees who were also parties to the deed, and through whom the creditors were to be paid.

The deed also allowed each of the debtors to apply to his support, the sum of $3,000, yearly, out of the proceeds of the business before making any payments to the creditors.

DAILY & PERRY, *for the administratrix.*

THE SURROGATE.—The deed has been signed by a large number, if not all, of the creditors of the debtors,

and it may therefore be assumed, for the purpose of this application, that the execution of the deed by the administratrix would be for the benefit of the estate represented by her.

But I can find no authority for making the order applied for in this case.

It is claimed by the learned counsel for the administratrix, that the authority is to be found in the statute giving the Surrogate power to authorize executors and administrators to compromise or compound any debts or claims belonging to the estate of their testators or intestates, but I cannot agree with him.

To compromise or compound a debt means to accept a part of it in satisfaction of the whole.

The present application is not anything of the kind. No part of the debt is certain to be paid, nor is it agreed that the debt shall be discharged on payment of part of it.

The application is to authorize the administratrix to part with all control over her claim for three years and to give credit for that length of time to a debtor who is now able to pay from one-third to one-half of his debts, in view of the probability of being able, within that time, to collect the whole or a larger proportion of the claim, while at the same time incurring the risk of losing the whole.

Such an agreement, however beneficial it might prove to the estate, if it resulted in the collection of the whole debt, is not in my opinion such a one as the Surrogate is empowered to authorize under the statute above referred to, and therefore the application must be denied.

Order accordingly.

## NOTE.

BOOTH *v.* CORNELL, ante page 261.

After the foregoing pages were in type a judgment of the General Term of the Supreme Court was announced reversing the decision of the Surrogate in the above case, reported ante, page 261. The title on the matter on appeal is Five Points House of Industry *v.* Amerman, and the following opinion of the Court was delivered by

BRADY, J.—The Surrogate evidently did not question that the legacy vested, subject to the supposed condition. There can be no doubt that the legacy vested upon the death of the testator. Conditions are not favored. The language employed in this case is "to be applied to the uses of the farm in Westchester County." The testator gave the sum, but annexed a wish or direction that it should be applied in a particular manner. The legacy is not a condition, "or provided," or "upon the understanding," but absolute as a gift, with a direction or wish annexed to or coupled with it. The word "uses" may be construed to mean "purposes." The gift was applied to the purposes of the farm, which was to take care of children, and not to the farm itself, and if it have the force of a condition then it is a condition subsequent and not precedent. The plaintiff may yet apply the money to the farm in Westchester County. If a legacy is subject to being diverted on a failure of performance of the condition it vests nevertheless. If the legacy to the plaintiff is not absolute, but depends upon a subsequent condition, the time of performance has not expired. The mere fact that during a period it has no farm to which the fund can be applied, does not affect the right to receive the legacy. The condition may yet be performed. The decree is reversed.

DAVIS, P. J., and DANIELS, J., concur.